```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


CHARLES W. RENTSCHLER,          )
et al.,                         )
                                )
            Petitioners,        )
                                )
       v.                       )    No. 4:05CV1078(RWS)
                                )
STATE OF MISSOURI, et al.,      )
                                )
            Respondents.        )
```

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioners' "Petition for Removal of Habeas Corpus Pursuant to 28 U.S.C. § 1443 and In the Alternative Petition for Common-Law Writ of Habeas Corpus Pursuant to Article I, Section 9 of the United States Constitution; and 28 U.S.C. § 1651" [Doc. #1].[1] Petitioners seek to remove their state habeas action to this court.  Alternatively, petitioners request that this Court grant them a federal writ of habeas corpus.  Also before the Court are petitioners' motion for appointment of counsel [Doc. #2]; motion to certify class as class action habeas [Doc. #3]; motion to stay

---

[1] Although the original petition was signed only by petitioner Rentschler, the Court has received supplements to the petition bearing what purports to be the original signatures of Kenneth G. Charron, Kevin Bromwell, Robert Hutton, Oscar Turner-Bey, Richard Williams, Eddie Newbold, Michael Pilcher, Mitchell Jackson, Michael W. Cunningham, Dion Mims, and Rory D. Nitcher.  See [Docs. #6, #7, and #8].  Therefore, these petitioners will be added to this action.

1

case for 20 days [Doc. #5]; and motion to amend/correct [Doc. #10].

**Procedural background**

This case was initially assigned to the Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri. On October 17, 2005, Judge Shaw granted petitioner Rentschler's motion to recuse and the matter was randomly reassigned to the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri. Upon review of this pro se, in forma pauperis action, 28 U.S.C. § 1915(e)(2)(B), the Court withdrew the referral to Magistrate Judge Noce, See 28 U.S.C. § 636(c)(4),[2] and the Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, dismissed the action. On petitioner Rentschler's motion, however, Judge Hamilton recused herself from this action and vacated her order of dismissal. This action was then reassigned to the undersigned United States District Judge.

**The petition**

Petitioners' claim that they are being denied "access to the courts." Of course, this claim is based on petitioners' assertion that the state courts have consistently denied their claim that their enhanced sentences under Missouri Revised

---

[2]Additionally, on November 8, 2005, petitioner Rentschler filed an objection to the assignment of this action to Magistrate Judge Noce.

Statute § 558.016 - which provides for enhanced prison sentences for repeat offenders - are unconstitutional because the fact of the prior convictions was not determined by a jury. As such, the instant petition is nothing but a thinly veiled attack on petitioners' underlying sentences.[3]

**Discussion**

Petitioners' request to remove their state habeas actions to this Court should be denied because only defendants - not habeas petitioners who had the choice of where to bring their habeas actions - may remove actions from state court to federal court. See 28 U.S.C. §§ 1441 - 1452.

Furthermore, both petitioners' request for a writ of habeas corpus under the All Writs Act, 28 U.S.C. § 1651, and their request for a common-law writ of habeas corpus under Article I, § 9 of the United States Constitution should be denied. When - as here - petitioners begin in a federal district court (as opposed to original actions begun in the Supreme Court of the United States), 28 U.S.C. § 2254 and all associated statutory requirements apply no matter what label the petitioners have given to their action. See Felker v. Turpin, 518 U.S. 651, 662 (1996); Crouch v. Norris, 251 F.3d 720 (8th Cir. 2001) (state

---

[3]The right of "access to the courts" means only the ability "to bring to court a grievance," Lewis v. Casey, 518 U.S. 343, 354 (1966) not the right to win it. The instant petition clearly indicates that petitioners have not been prohibited from filing their actions in state court.

3

inmates can only obtain relief pursuant to 28 U.S.C. § 2254). Therefore, this Court is unable to grant petitioners a writ of habeas corpus under the All Writs Act or a common-law writ of habeas corpus.

Although this Court is required to liberally construe prisoner petitions, Haines v. Kerner, 404 U.S. 519, 520 (1972), construing the instant action as one arising under § 2254 is problematic. First, this Court lacks jurisdiction to entertain a second or successive § 2254 petition brought by the petitioners unless the Eighth Circuit Court of Appeals has authorized it. See 28 U.S.C. § 2244(B)(3)(A). A review of this Court's records indicates that several of the petitioners have brought prior § 2254 actions. See Charron v. Armontrout, No. 4:90CV2185(GFG) (E.D. Mo.); Bromwell v. Dormire, No. 4:97CV747(CEJ) (E.D. Mo.); Hutton v. Groose, No. 4:97CV406(DJS) (E.D. Mo.); and Michael Cunningham, No. 4:97CV571(ERW) (E.D. Mo.).[4] There is no indication that the Eight Circuit Court of Appeals has authorized these petitioners to file a second or successive petition. Therefore, the instant action, if re-characterized, would result in the dismissal of these petitioners because the Court lacks jurisdiction over their second or successive § 2254 actions.

---

[4]Several of the petitioners have sought § 2254 relief in the Western District of Missouri. See Rentschler v. Caspari, No. 4:95CV760(HFS) (W.D. Mo.); Turner v. Nixon, No. 4:98CV465(HFS) (W.D. Mo.); Williams v. Gammon, No. 4:01CV449(HFS) (W.D. Mo.); and Newbold v. Gammon, No. 4:02CV912(FJS) (W.D. Mo.).

Second, § 2254 requires that each petitioner exhaust his available state remedies before seeking relief in federal court. As noted above, there appears to be some state court action still pending at least with respect to the convictions for some of the petitioners. That is, petitioners' request for removal of their state court action implies that there is some state court action still pending that they are attempting to have removed to this Court.

Additionally, certain consequences now attach when a court liberally construes an action as one under 28 U.S.C. § 2254. See Castro v. United States, 540 U.S. 375, 382 (2003). In particular, the court may - by re-characterizing the action - make it more difficult for a litigant to file a later § 2254 action. Id. For all of these reasons, the Court declines to re-characterize the instant action as one seeking relief pursuant to 28 U.S.C. § 2254.[5]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk of Court docket this case as follows: Charles W. Rentschler, Kenneth G. Charron, Kevin Bromwell, Robert Hutton, Oscar Turner-Bey, Richard

---

[5]The Court notes that for docketing and statistical purposes only the Clerk of Court docketed this action as one arising under 28 U.S.C. §2254 because there is no docketing or statistical category for "common-law writ of habeas corpus." Such internal docketing and statistical categorization did not effect a substantive re-characterization of petitioners' action. Therefore, petitioners' motion to amend/correct [Doc. #10] will be denied.

5

<u>Williams, Eddie Newbold, Michael Pilcher, Mitchell Jackson, Michael W. Cunningham, Dion Mims, and Rory D. Nitcher v. State of Missouri, and Jay Nixon</u>, No. 4:05CV1078(RWS).

**IT IS FURTHER ORDERED** that petitioners' "Petition for Removal of Habeas Corpus Pursuant to 28 U.S.C. § 1443 and In the Alternative Petition for Common-Law Writ of Habeas Corpus Pursuant to Article I, Section 9 of the United States Constitution; and 28 U.S.C. § 1651" [Doc. #1] is **DENIED**, with prejudice.

**IT IS FURTHER ORDERED** that Magistrate Judge David D. Noce's case management order - which also grants petitioners' motion to appoint counsel [Doc. #13] - is **VACATED**.

**IT IS FURTHER ORDERED** that petitioners' motion to certify class as class action habeas [Doc. #3]is **DENIED.**

**IT IS FURTHER ORDERED** that petitioners' motion to stay case for 20 days [Doc. #5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioners' motion to amend/correct [Doc. #10] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioners' motion for appointment of counsel [Doc. #2] is **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated this 22nd day of December, 2005.

                                                        */s/*
**UNITED STATES DISTRICT JUDGE**